UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. DOBY, | Civil Action No. 21-17222 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| MIDDLESEX COUNTY DRUG COURT PROBATION, et al., | |
| Defendants. | |

*Pro se* Plaintiff, David Doby ("Plaintiff"), a convicted prisoner currently confined at Northern State Prison, has filed a *pro se* Complaint alleging violations of his civil rights under 42 U.S.C. § 1983.  *See* ECF No. 1.  Plaintiff paid the filing fee.[1]  Federal law requires this Court, to "review before docketing. . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See* 28 U.S.C. § 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A.

Plaintiff has sued Middlesex County Drug Court Probation, Judge Robert Jones, Akeesha Williams, Melissa Baskind, and Bertha Moran for alleged violations of his civil rights arising from his placement at a Integrity House, an inpatient drug treatment program.  Plaintiff alleges that in January 2019, his civil rights were previously violated at Integrity House, and these violations included medical malpractice and retaliation for filing grievances.  Complaint at 10.

---

[1] This matter was originally assigned to the Honorable Anne E. Thompson.  Judge Thompson denied without prejudice Plaintiff's application to proceed in forma pauperis on September 22, 2021, and Plaintiff subsequently paid the filing fee.  *See* ECF Nos. 4.  Following Judge Thompson's retirement, the matter was transferred to the undersigned on April 19, 2022.  *See* ECF No. 8.

1

Plaintiff does not identify the person or persons who violated his rights at Integrity House in 2019, but he asserts that he has a lawsuit pending against them.[2]  Complaint at 11.

After being released from Integrity House, Plaintiff violated his drug court probation, and he turned himself in on or about July 29, 2019.  Complaint at 11.  Judge Jones presided over Plaintiff's revocation proceeding in New Brunswick, New Jersey.  *See* Complaint at 4.  Williams was Plaintiff's prosecutor, Baskind was his public defender, and Moran was his probation officer.  *See* Complaint at 8-9.  Each of the Defendants allegedly knew of Plaintiff's lawsuit against and "issues" at Integrity House.  *Id.* at 9.

When Plaintiff appeared in Court, he and the Defendants agreed he would be sentenced to a 28-day program and that a halfway house would be an appropriate placement.  Complaint at 11.  Despite this promise, Plaintiff was placed at Integrity House.  *Id.*  Plaintiff seeks compensatory and punitive damages from Defendants.  Complaint at 12.

To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  States and state agencies, however, are not "persons" subject to suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Goode v. N.J. Dep't of Corr.*, No. 11-cv-6960, 2015 WL 1924409, at *10 (D.N.J. April 28, 2015) ("Neither states, nor their departments and agencies ... are 'persons' within the meaning of Section 1983.").  The Court dismisses with prejudice the Middlesex County Drug Court Probation, as the state

---

[2] Plaintiff does not allege any claims in this action against the persons who violated his rights at Integrity House in 2019, and he contends he has a lawsuit pending against these individuals.  He appears to provide this information as background for his claims against the Defendants in this matter.

2

judiciary is not a person under § 1983.  *Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000) (noting that courts have routinely held that state judiciary is not a "person" under § 1983).

The Court also dismisses Judge Jones, as he is entitled to judicial immunity for his decision to place Plaintiff at Integrity House for violating probation (or for failing to overrule that placement).  *See, e.g.*, *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judges acting in the performance of their duties are absolutely immune from suit, and will be subject to liability only when they act "in the clear absence of all jurisdiction"); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991).  Judicial immunity is extremely broad.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted).  To the extent Judge Jones sentenced Plaintiff to a particular facility or failed to object to the placement, he is plainly entitled to judicial immunity.

Plaintiff fails to state a claim for relief with respect to the remaining Defendants because prisoners have no constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  Although Plaintiff alleges that he experienced retaliation and medical malpractice during his prior placement at Integrity House, there are no facts to suggest that any of the Defendants knew that Plaintiff faced a serious risk of harm if he returned to Integrity House and acted with deliberate indifference to that serious risk of harm.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (The Constitution imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates.") (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  Although Defendants may have

broken their promise to Plaintiff, their conduct, as alleged in the Complaint, does not violate Plaintiff's constitutional rights.  Although it is doubtful that Plaintiff can state a claim against these particular Defendants arising from his placement at Integrity House, the Court will provide him leave to submit an Amended Complaint within 45 days if he can cure the deficiencies in the claims and Defendants the Court has dismissed without prejudice.

**IT IS THEREFORE**, on this 23rd day of September 2022,

**ORDERED** that, pursuant to the Court's screening authority under § 1915A, the Complaint (ECF No. 1) is dismissed WITH PREJUDICE as to Middlesex County Drug Court Probation; and it is further

**ORDERED** that, pursuant to the Court's screening authority under § 1915A, the Complaint is dismissed WITH PREJUDICE on the basis of judicial immunity as to Judge Robert Jones, and it is further

**ORDERED** that, pursuant to the Court's screening authority under § 1915A, the Complaint is dismissed WITHOUT PREJUDICE for failure to state a claim for relief as to Akeesha Williams, Melissa Baskind, and Bertha Moran; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this action; and it is further

**ORDERED** that within 45 days of the date of this Order, Plaintiff may submit an Amended Complaint if he is able to state a claim for relief against Akeesha Williams, Melissa Baskind, and/or Bertha Moran; and it is further

**ORDERED** that if Plaintiff does not submit an Amended Complaint within 45 days, this dismissal will automatically convert to a dismissal with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this matter accordingly.

<u>s/Freda L. Wolfson</u><br>
Freda L. Wolfson<br>
U.S. Chief District Judge